## Crawford et ux v. Braden.
(Decided Jan. 14, 1938.)

C. A. NOBLE for appellants.

CRAFT & STANFILL for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

The lessors, Nicholas Crawford and his wife, Elizabeth Crawford of Perry County, Ky., on March 27, 1936, by a long and elaborate instrument, leased to the lessee, H. H. Braden of Fayette county, Ky., certain lands for coal mining purposes. On August 3, 1936, 126 days after the execution of this lease, the lessors sued the lessee, for its cancellation. The lessors were unsuccessful, a demurrer was sustained to their petition, and, as they declined to plead further, their petition was dismissed, and they have appealed.

Many and valuable were the rights this lease gave to the lessee and numerous were the obligations and requirements it imposed upon him. We shall note a few of them, viz.: To take immediate charge of the leased premises, to secure railroad connections, to put the old slope mine into first class condition, to pay lessors a royalty of 10 cents per ton on the coal mined, the minimum royalty to be paid to lessors for the first two years to be $50 per month and after that to be $100 per month.

There were numerous other things the lessee was required to do, but there is no suggestion the lessee failed to do all the things required of him by the lease except in the following particulars: The lessors are complaining solely because the lessee has failed to observe the following provision of this lease:

"The lessee agrees that within 60 days from date of this lease, that he will organize a corporation with a capital stock of not less than $———, which said corporation shall develop and operate said property and said corporation to be bound by and entitled to the benefits of these presents, and the conditions, covenants, requirements and agreements herein contained in like manner as the lessee herein."

Upon consideration of the demurrer to this petition, that allegation must be taken as true, and we must assume that no such corporation has been organized and no assignment of this lease to it has been made.

At another part of this lease we find this provision:

"Lessor and lessee agree not to transfer or assign this lease without the written consent of all parties concerned, but it is agreed that H. H. Braden, lessee herein, is hereby authorized to assign this lease to any company or corporation or operating company he may desire to, for the purpose of enabling him to carry out the provisions of this lease."

That language in the lease shows the provision for the organization of this corporation was inserted solely for the benefit of the lessee. There is no possible way the lessors could be benefited by the organization of a corporation with a capital stock of not less than $———, and the assignment of this lease to it. This is the only thing of which the lessors are complaining, the only thing they intimate the lessee has omitted to do, yet they

are asking that for this alone that all rights of the lessee under this lease be- declared forfeited and the lease canceled. The law does not favor forfeitures. The lessors are asking the court to cancel a solemn contract they made and to deprive lessee of very valuable rights he has under this lease, solely because lessee has not organized such a corporation and assigned this lease to it. Yet, when the lessors signed this contract, they considered this of such minor importance that they signed this contract without caring anything about the capial stock of such corporation, and by signing this lease without specifying what this capital stock should be they in effect, said they did not care. If the lessee made the improvements he contracted to make, paid royalties as agreed, and otherwise complied with this lease, the lessors could not lose a dime by the lessee's failure to organize such a corporation.

There is no merit in the petitions of the lessors. The lessee could comply with this contract by organizing a corporation with only a nominal capital stock. On the other hand, the cancellation of this lease would deprive lessee of all his rights under it. Thus we are asked to work the ruin of the lessee without any possible benefit to the lessors. The court did not err in sustaining the demurrer to, and dismissing, this petition.

Judgment affirmed.